UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BUSINESS INTEGRATION SERVICES, INC.,

              Plaintiff,

- against -

AT&T CORP.,

              Defendant.

06 Civ. 1863 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

The defendant AT&T Corp. raises two objections to the Memorandum and Order of Magistrate Judge Dolinger dated August 21, 2007 (the "Order"). The defendant argues that the Magistrate Judge erred in finding that the defendant is precluded from offering into evidence the substance of certain communications by its attorneys to other employees without effectuating an "at issue" waiver of its attorney-client privilege. The defendant also argues that the Magistrate Judge erred in requiring the production of certain documents on the defendant's privilege log. The defendant argues that the prior disclosure of the substance of these documents was insufficient to effectuate a waiver of the attorney-client privilege and that the disclosing employee did not have authority to waive the defendant's attorney-client privilege.

The standard of review for a decision by the Magistrate Judge on a discovery issue is whether the ruling is clearly

erroneous or contrary to law. See Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A); Collens v. City of New York, 222 F.R.D. 249, 251 (S.D.N.Y. 2004); In re Buspirone Patent Litig., 210 F.R.D. 43, 52 (S.D.N.Y. 2002). An order is "clearly erroneous" when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Surles v. Air France, No. 00 Civ. 5004, 2001 WL 1142231, at *1 (S.D.N.Y. Sept. 27, 2001) (internal quotation omitted). An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." Id. (internal quotation omitted).

First, the defendant disputes the Magistrate Judge's ruling that an "at issue" waiver would occur if the defendant offered evidence at trial that it consulted its attorneys and that its decision to terminate the plaintiff was influenced by counsel's advice. The Magistrate Judge found, contrary to the plaintiff's position, that no "at issue" waiver had yet occurred. However, the Magistrate Judge found that there would be an "at issue" waiver if the defendant asserts a defense of advice of counsel or offers in evidence "any testimony concerning the substance of communication by its attorneys to other employees regarding the legal status of the contract or any concerns that the attorneys may have had about the legal implications of the contract." (Order 7-8).

2

The defendant has failed to demonstrate that this decision was clearly erroneous or contrary to law. Based on considerations of fairness, an "at issue" waiver can occur in situations where a party makes assertions in litigation while relying on its privilege to withhold from a litigation adversary materials that the adversary might need to effectively contest or impeach the claim. See John Doe Co. v. United States, 350 F.3d 299, 302-03 (2d Cir. 2003). The Magistrate Judge effectively gave the defendant the opportunity to avoid the "at-issue" waiver by not relying on the substance of attorney-client communications. That decision was neither clearly erroneous nor contrary to law.

The defendant also objects to the Magistrate Judge's finding that there had been a specific waiver with respect to certain documents on the defendant's privilege log as a result of disclosure in correspondence with the plaintiff and deposition testimony. The defendant objects to this ruling on two grounds: (1) that the disclosure was insufficient to waive the attorney-client privilege; and (2) that Mr. Glackin, the disclosing employee, did not have the authority to waive the attorney-client privilege because only management has such authority.

With respect to the sufficiency of the disclosure, the Magistrate Judge found that Mr. Glackin disclosed some of the

attorneys' conclusions and revealed enough of the substance of the attorneys' communications to constitute a waiver of certain documents on the defendant's privilege log. See Order 9-10 and n.3. The defendant has failed to show that this finding was clearly erroneous or contrary to the law governing waiver of the attorney-client privilege. See, e.g., In re Horowitz, 482 F.2d 72, 81 (2d Cir. 1973).

However, the record is insufficient to evaluate the Magistrate Judge's determination that Mr. Glackin had the authority to waive the defendant's attorney-client privilege with respect to these documents. The defendant's argument that Mr. Glackin lacked such authority first appeared in its responsive letter brief to the Magistrate Judge, as to which there does not appear to have been a response before the Magistrate Judge. Def's Letter Br. 11, Aug. 14, 2007. The record is devoid of any evidentiary findings with respect to Mr. Glackin's authority to waive the privilege, and the Order does not indicate what standard was applied in making the determination. See Order 10 n.4. The parties have developed their arguments in their submissions to the Court, but the issue was not sufficiently developed below to determine whether the Magistrate Judge erred in finding that Mr. Glackin had the authority to waive the defendant's attorney-client privilege.

Therefore, the Magistrate Judge's determination that Mr. Glackin had the authority to waive the defendant's attorney-client privilege is **vacated and remanded** so that evidentiary findings can be made and Mr. Glackin's authority to waive the privilege can be determined consistent with the case law in this Circuit. See, e.g., Commodity Futures Trading Commission v. Weintraub, 471 U.S. 343, 348 (1985); United States v. Doe (In re Grand Jury Proceedings), 219 F.3d 175, 182-90 (2d Cir. 2000); Denney v. Jenkens & Gilchrist, 362 F. Supp. 2d 407, 412-15 (S.D.N.Y. 2004).

The defendant's remaining objections to the Magistrate Judge's August 21, 2007 Order are **overruled**.

## CONCLUSION

The objections are **sustained in part** and **overruled in part**. The Magistrate Judge's determination that the defendant waived its attorney-client privilege with respect to the documents at issue is **vacated and remanded** for a determination of whether Mr. Glackin had the authority to waive the defendant's attorney-client privilege with respect to the disputed documents.

SO ORDERED.

Dated: New York, New York
November 2, 2007

John G. Koeltl
United States District Judge