**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------

**BUSINESS INTEGRATION SERVICES, INC.,**

                Plaintiff,        06 Civ. 1863 (JGK)

      - against -          **MEMORANDUM OPINION AND**
                                              **ORDER**

**AT&T CORP.,**

                Defendant.
--------------------------------------------------

**JOHN G. KOELTL, District Judge:**

     This is a discovery dispute about a possible waiver of the attorney-client privilege. The defendant, AT&T Corporation ("AT&T"), raises two objections to the Memorandum and Order of Magistrate Judge Dolinger dated April 22, 2008 (the "Order"). The defendant argues that (1) the Magistrate Judge erred in finding that the defendant ratified AT&T regional manager James Glackin's disclosure to the plaintiff, Business Integration Services, Inc. ("BIS"), of a summary of certain conclusions of the defendant's corporate counsel; and (2) the Magistrate Judge erred in finding that even if the disclosure were involuntary and inadvertent, the circumstances were such that it triggered a limited waiver of the attorney-client privilege.

1

I

A

This discovery dispute has already been the subject on two occasions of a Memorandum and Order by the Magistrate Judge, Docket Nos. 29 and 49, and on one occasion of a Memorandum Opinion by this Court, Docket No. 47, familiarity with each of which is assumed. The following factual summary and procedural history are undisputed and are drawn from the Magistrate Judge's April 22, 2008 Order.

In brief, the parties were formerly in a contractual relationship whereby the plaintiff sold the defendant's services to third parties. In 2004, the defendant decided to terminate the contract. On March 18, 2004, James Glackin, a regional manager for the defendant, sent an email to representatives of the plaintiff disclosing a brief summary of certain conclusions drawn by the defendant's corporate counsel with respect to the contractual relationship. On March 27, 2004, Mr. Glackin sent a second email to the plaintiff incorporating the March 18 email and containing an additional conclusion by corporate counsel. In the March 27 email, Mr. Glackin purported to add corporate counsel for the defendant to the email and instructed the plaintiff to direct all further communication to corporate counsel.

2

In 2006, the plaintiff brought suit against the defendant alleging breach of contract and unjust enrichment.  In the course of discovery, the plaintiff requested that certain documents on the defendant's privilege log be made available to it.  The defendant invoked the attorney-client privilege as to the contents of discussions that Mr. Glackin had had with the plaintiff about the advice that he had received from the defendant's corporate counsel.  In a Memorandum and Order dated August 21, 2007, the Magistrate Judge ordered the defendant to produce documents reflecting the attorney analyses referred to in the March 18 and March 27 emails, and "the communications alluded to during deposition directing or recommending the termination of the contract" between the parties.  (August 21, 2007 Order at 10-11.)  The Magistrate Judge reasoned that the attorney-client privilege had been waived by the defendant as a consequence of Mr. Glackin's disclosure to the plaintiff of a substantial part of the substance of the attorney's communications.

By Memorandum Opinion and Order of November 2, 2007, this Court vacated the portion of the Magistrate Judge's Order that found a waiver of the attorney-client privilege.  The Court remanded the case to the Magistrate Judge for the purpose of determining whether Mr. Glackin had had authority to waive the attorney-client privilege.

3

On April 22, 2008, the Magistrate Judge issued a second Memorandum and Order. The Magistrate Judge held that while Mr. Glackin had not had actual or apparent authority to waive the attorney-client privilege, the privilege had nonetheless been waived because the defendant had ratified Mr. Glackin's disclosure to the plaintiff of the advice of the defendant's corporate counsel. The Magistrate Judge held in the alternative that even if the disclosure were involuntary and inadvertent, the circumstances were such that it triggered a limited waiver of the attorney-client privilege. The Magistrate Judge once again ordered the defendant to produce documents reflecting the attorney analyses referred to in the March 18 and March 27 emails from Mr. Glackin and "the communications alluded to during deposition directing or recommending the termination of the contract." (Order at 28.)

The defendant objects to the Magistrate Judge's findings of waiver and the resulting order to produce documents.

B

The standard of review for a decision by the Magistrate Judge on a discovery issue is whether the ruling is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A); Collens v. City of New York, 222 F.R.D. 249, 251 (S.D.N.Y. 2004); In re Buspirone Patent Litig.,

4

210 F.R.D. 43, 52 (S.D.N.Y. 2002).  An order is "clearly erroneous" when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Surles v. Air France, No. 00 Civ. 5004, 2001 WL 1142231, at *1 (S.D.N.Y. Sept. 27, 2001) (internal quotation omitted).  An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure."  Id. (internal quotation omitted).

II

A

The Magistrate Judge held that the defendant waived the attorney-client privilege by ratifying Mr. Glackin's disclosure to the plaintiff of a substantial part of the substance of corporate counsel's communications.  The defendant argues that it never ratified Mr. Glackin's disclosure, urging that its corporate counsel was never aware of the disclosure, and that the Magistrate Judge's factual finding to the contrary was incorrect.

The defendant does not dispute the fact that if it ratified Mr. Glackin's disclosure, the attorney-client privilege was waived.  Ratification need not be explicit and can occur through inaction.  "Ratification . . . may be found to exist by

5

implication from a principal's failure to dissent within a reasonable time after learning what had been done.  If a corporation acquires or is charged with knowledge of an unauthorized act undertaken by someone on its behalf, and does not repudiate that act within a reasonable time, but instead acquiesces in it, the corporation is bound by the act." IBJ Schroder Bank & Trust Co. v. Resolution Trust Corp., 26 F.3d 370, 375 (2d Cir. 1994) (internal quotation omitted).  Thus the issue in dispute is whether the defendant knew about Mr. Glackin's disclosure to the plaintiff.

In making the factual finding that the defendant was aware of Mr. Glackin's disclosure, and the resulting finding that the defendant's subsequent inaction was a ratification of the disclosure, the Magistrate Judge relied in part on the March 27 email from Mr. Glackin to the plaintiff.  In the March 27 email, which incorporated the March 18 email and its disclosure of certain conclusions by the defendant's corporate counsel, Mr. Glackin wrote: "I have added AT&T Corporate Counsel to my response . . . . Please direct all further communication to our Corporate Counsel."  (Order at 15, quoting Perry Aff. Ex. 3 at ATT000742.)  The defendant argues that corporate counsel was not in fact added to the email, because no corporate counsel for the defendant was visibly listed in the email as an addressee.  The defendant contends that because corporate counsel was not

6

visibly listed as an addressee, it must never have received the email, and therefore could not have been aware of Mr. Glackin's disclosure.  The defendant also argues that the addition of the defendant's corporate counsel to the March 27 email was an essential premise on which the Magistrate Judge's finding of ratification was based, and thus the inaccuracy of this premise rendered the Magistrate Judge's finding of ratification clearly erroneous.

    The evidence was sufficient to support the Magistrate Judge's decision.  It was not clearly erroneous for the Magistrate Judge to find that the defendant's corporate counsel was privy to the March 27 email, in light of Mr. Glackin's explicit statement in the email that this was the case.  The defendant's argument that Mr. Glackin must never have followed through with adding corporate counsel to the email simply because corporate counsel was not visibly listed as an addressee on the actual email is unpersuasive.  The absence of corporate counsel as a visible addressee only proves that corporate counsel was not a direct recipient or a recipient through the "cc" function of the March 27 email.  This is too narrow a basis on which to hold the Magistrate Judge's finding clearly erroneous.  There are numerous ways Mr. Glackin could have made corporate counsel aware of the email: for example, he could have forwarded the email to corporate counsel.

The defendant relies on a dictionary definition of the term "add" to argue that Mr. Glackin could only have meant by that term that he was including corporate counsel in the group of visible recipients of the email. This argument holds Mr. Glackin to too literal a standard. It was not clearly erroneous for the Magistrate Judge to conclude that Mr. Glackin used the term "add" in a sense less precise than its dictionary definition. To make such an assumption was hardly "the worst sort of rank speculation," as the defendant would have it, in light of the fact that Mr. Glackin explicitly stated in the email itself that he was adding corporate counsel.

In any event, the defendant is wrong in arguing that corporate counsel's receipt, in some form, of the March 27 email was a necessary basis of the Magistrate Judge's Order, without which his findings were clearly erroneous. Indeed, the purported communication of the March 27 email to corporate counsel was not even the first fact that the Magistrate Judge relied upon in his Order. Rather, the first fact relied upon by the Magistrate Judge was the deposition testimony by Mr. Glackin that he "[a]bsolutely[] told AT&T corporate [counsel] that [he] had a conversation with BIS about the situation," in response to the question whether he had told corporate counsel "that [he]

8

would be communicating to BIS about their advice."[1]  (Order at 14 (quoting Perry Aff. Ex. 5 (Glackin Dep. at 287)).)  The defendant all but ignores this evidence of ratification in its papers, limiting its discussion to the observation that the mere fact that Mr. Glackin communicated with the plaintiff about a situation in which corporate counsel had been involved did not in itself constitute a ratification of Mr. Glackin's disclosure.  This brief analysis mischaracterizes the facts.  Mr. Glackin's testimony was in response to the question, "Did you indicate to [corporate counsel] that you would be communicating to BIS about their advice?"  (Order at 14 (quoting Perry Aff. Ex. 5 (Glackin Dep. at 287)).)  In that context, his answer that he "[a]bsolutely" told corporate counsel that he had had a conversation with the plaintiff "about the situation" plainly meant that he had told corporate counsel that he had communicated their advice to the plaintiff.  At the very least, it was not clearly erroneous for the Magistrate Judge to interpret Mr. Glackin's testimony in this way and to find it credible.

Moreover, because Mr. Glackin's testimony did not depend upon the receipt by corporate counsel of the March 27 email, but

---

[1]  Although the phrasing of the question suggests that Mr. Glackin informed corporate counsel of his intentions beforehand, which would potentially support an actual authority theory of waiver, Mr. Glackin's use of the past tense ("that I had a conversation") in his answer indicates that his testimony is best seen to support a ratification theory of waiver.

instead indicated a separate disclosure by Mr. Glackin, through a "conversation," that was ratified by the defendant, it represented an independent basis for the Magistrate Judge's conclusion that the defendant was aware of and ratified the disclosure by Mr. Glackin of corporate counsel's advice.

Thus, the Magistrate Judge's finding with respect to ratification was not clearly erroneous or contrary to law.[2]

B

The Magistrate Judge ordered the production of documents referenced in the March 18 and March 27 emails, and "communications alluded to during deposition" concerning the termination of the contract.  The phrase "during deposition" is ambiguous; it is unclear if it refers to Mr. Glackin's deposition or all depositions taken in the course of this litigation.  The parties have not raised this issue and any ambiguity as to the scope of the waiver is best left to the Magistrate Judge in the first instance.[3]

---

[2]   It is therefore unnecessary to reach the defendant's arguments with respect to involuntary waiver, because the Magistrate Judge's ruling on the waiver issue is sufficiently supported by the evidence of voluntary disclosure through ratification.

[3]   In their papers the parties have not raised the issue of whether persons other than Mr. Glackin made disclosures during their depositions that constituted waivers of the attorney-client privilege, nor has this Court nor the Magistrate Judge addressed the issue.  Indeed, the November 2, 2007 Memorandum Opinion and Order of this Court vacating the first Memorandum and Order of the Magistrate Judge identified only Mr. Glackin as "the disclosing employee," (November 2, 2007 Memorandum Opinion and Order at 3), and the

CONCLUSION

For all of the foregoing reasons, the Memorandum and Order of the Magistrate Judge is **affirmed**. The Clerk is directed to close Docket No. 51.

SO ORDERED.

Dated:   New York, New York
         December 8, 2008

_____
John G. Koeltl
United States District Judge

---

subsequent papers and rulings in this dispute have all focused exclusively on Mr. Glackin.

11